**REDACTED**

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER (Tran. Court) 02-CR-634 |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER (Rec. Court) 05-86M |
| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE<br>Mary Atupulazi<br><br>Newark, DE 19702 | DISTRICT<br>Eastern District of New York | DIVISION<br>Supervision |
| | NAME OF SENTENCING JUDGE<br>The Honorable Nina Gershon, U.S. District Judge | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 09/25/2003 — TO 09/24/2006 |
| OFFENSE<br>False Customs Declaration, in violation of 19 U.S.C. §1459(b), § 1459(e)(2) and § 1459(g) | | |

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____EASTERN_____ DISTRICT OF _____NEW YORK_____

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the **District of Delaware** upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

7-13-04
Date

_/s/ Nina Gershon_
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT OF _____DELAWARE_____

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

5/24/05
Effective Date

United States District Judge

NBP:MJR
F.#2002R02665

FILE

05-86m

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

MARY ATUPULAZI,

                Defendant.

- - - - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N F O R M A T I O N

Cr. No. 02-634 (S-1)(NG)
(T. 19, U.S.C.,
§§ 1459(e)(2), 1459(b)
and 1459(g); T. 18
U.S.C., §§ 2 and
3551 et seq.)

THE UNITED STATES ATTORNEY CHARGES:

       On or about April 27, 2002, within the Eastern District of New York, the defendant MARY ATUPULAZI did knowingly and intentionally present a forged, altered and false document or paper to a Customs officer upon her arrival in the United States, to wit: a false customs declaration.

       (Title 19, United States Code, Sections 1459(e)(2), 1459(b) and 1459(g); Title 18, United States Code, Sections 2 and 3551 et seq.)

                                        ROSLYNN R. MAUSKOPF
                                        UNITED STATES ATTORNEY
                                        EASTERN DISTRICT OF NEW YORK

AH:MJR

**02-0763M**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

05-86M

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

MARY ATUPULAZI,

               Defendant.

- - - - - - - - - - - - - - - -X

C O M P L A I N T

(18 U.S.C. § 2320(a))

EASTERN DISTRICT OF NEW YORK, SS:

        JOSEPH CANGRO, being duly sworn, deposes and says that he is a Special Agent with the United States Customs Service ("Customs"), duly appointed according to law and acting as such.

        Upon information and belief, on or about April 27, 2002, within the Eastern District of New York and elsewhere, the defendant MARY ATUPULAZI did knowingly and intentionally traffic in and attempt to traffic in goods, to wit: counterfeit merchandise bearing the trademarks of "Gucci," "Fendi," "Louis Vuitton," "Christian Dior," "Chanel" and "Tile," and in doing so knowingly used counterfeit marks on and in connection with such goods.

        (18 U.S.C. § 2320(a).)

        The source of your deponent's information and the grounds for his belief are as follows:[1]

        1.   I have been a Special Agent of the United States Customs Service for approximately two years. My information in

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

this case comes from a review of Customs' records and discussions with witnesses.

    2.   On April 27, 2002, the defendant MARY ATUPULAZI arrived at John F. Kennedy International Airport in Queens, New York, aboard Cathay Pacific Airlines Flight 888 from Hong Kong, China.

    3.   During the course of a routine Customs Examination, the defendant MARY ATUPULAZI presented the Customs Inspector with various suitcases, roller bags and boxes. The defendant indicated that the luggage belonged to her. Additionally, the defendant MARY ATUPULAZI presented the Customs Inspector with Customs Form CF 60-59B, on which she declared that she was bringing in $1,400 of merchandise into the United States.

    4.   An examination of her baggage revealed that it contained the following: (1) 211 hats bearing the "Gucci" trademark; (2) 658 hats bearing the "Fendi" trademark; (3) 21 handbags bearing the "Chanel" trademark; (4) 116 handbags bearing the "Fendi" trademark; (5) 28 handbags bearing the "Gucci" trademark; (6) 55 handbags bearing the "Christian Dior" trademark; (7) 22 pairs of sunglasses (with matching cases) bearing the "Fendi" trademark; (8) 39 pairs of sunglasses (with matching cases) bearing the "Louis Vuitton" trademark; (9) 55 belts bearing the "Gucci" trademark; (10) 44 belts bearing the "Louis Vuitton" trademark; (11) 22 belts bearing the "Fendi" trademark; and (12) 19 handbags bearing the "Tile" trademark.

3

5. Customs Inspectors have examined these items and determined that they are counterfeit. Customs Inspectors have determined that, had items contained in the defendant MARY ATUPULAZI's luggage been genuine, the retail value of these items would be approximately $147,000.

WHEREFORE, your deponent respectfully requests that the defendant MARY ATUPULAZI be dealt with according to law.

_____
JOSEPH CANGRO
Special Agent
United States Customs Service

Sworn to before me this
29th day of April, 2002

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x     JUDGMENT INCLUDING SENTENCE
UNITED STATES OF AMERICA                  UNDER THE SENTENCING REFORM ACT

                                          FILED  OCT 17 A 10:43      05-86M
          -v-

                                          CASE NUMBER: 02 CR 634(S-1)

MARY ATUPULAZI
-----------------------------------x         Philip Stone, Esq.
                                             130 East 59th St, Suite 1300
 Sean Haran, Esq.                            New York, NY 10022
Assistant U.S. Attorney                      Defendant's Attorney & Address
```

THE DEFENDANT:
__XX__ entered a plea of guilty to a superseding information.

   Accordingly, the court has adjudged that the defendant is guilty of the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER |
|---|---|---|
| 19 USC: 1459(b), 1459(e)(2), & 1459(g) | False Customs Declaration | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__XX__ All open counts are dismissed on motion of the United States.
__XX__ It is ordered that the defendant shall pay to the United States a special assessment of $25.00 which shall be due immediately.

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec # _____-8196          September 25, 2003
                                             Date of Imposition of Sentence
Defendant's Date of Birth _____1/57
Defendant's US Marshal # 61112-053
                                             _____/s/ Nina Gershon_____
Defendant's Mailing Address:                 NINA GERSHON, U.S. District Judge
_____
Newark, DE 19702                             A TRUE COPY ATTEST
Defendant's Legal Address:                   Date: 10-17-03
_____                      ROBERT C. HEINEMANN
_____                      By: /s/ Roseann Gunn
                                                 DEPUTY CLERK

DEFENDANT:     MARY ATUPULAZI                              Judgment-Page 2 of 5
CASE NUMBER:   CR 02-634(S-1)

## PROBATION

The defendant is hereby placed on probation for a term of THREE (3) YEARS.

### SPECIAL CONDITIONS OF SUPERVISION

1) The fine imposed in this judgment must be paid in its entirety by the end of the probationary period.

    The defendant shall also comply with the standard conditions that have been adopted by this court (set forth on the attached page).

    The defendant shall not commit another federal, state, or local crime.
    The defendant shall not illegally possess a controlled substance.

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.
    The defendant shall not possess a firearm as defined in 18 U.S.C. Section 921.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

DEFENDANT:       MARY ATUPULAZI                           Judgment-Page 3 of 5
CASE NUMBER:   CR 02-634(S-1)

## PROBATION

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol;

8) the defendant shall not frequent places where controlled substance are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:       MARY ATUPULAZI                                    Judgment-Page __4__ of _5_
CASE NUMBER:     CR 02-634(S-1)

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|        | Assessment | Fine       | Restitution |
|--------|------------|------------|-------------|
| Totals:| $25.00     | $5,000.00  | 0           |

### FINE

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. Section 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. Section 3612(g).

### RESTITUTION

The determination of restitution is deferred until _____.
An Amended Judgment in a Criminal Case will be entered after such determination.

The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.
Priority Order

| Name of Payee | *Total Amount of Amount of Loss | Amount of Restitution | Or Percentage Of Payment |
|---|---|---|---|
|   |   |   |   |

Restitution payments should be submitted and made payable to:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: MARY ATUPULAZI  
CASE NUMBER: CR 02-634(S-1)

Judgment-Page 5 of 5

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order. (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   XX   Fine must be paid by the end of the probationary period.

B   __   $_____ immediately, balance due (in accordance with C,D,or E); or

C   __   Not later than _____; or

D   __   In installments to commence _____ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E   __   Restitution of $_____ is payable at a rate of _____ per month.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

____ Joint and Several

____ The defendant shall pay the cost of prosecution.
____ The defendant shall pay the following court cost(s):

____ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.